988 F.2d 129
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
BIO-RAD LABORATORIES, INC., Plaintiff-Appellant,
v.
PHARMACIA, INC., LKB Western Instruments, Inc., Pharmacia
LKB Biotechnology, Inc., and Pharmacia AB,
Defendants-Appellants.
 No. 92-1348.
 United States Court of Appeals, Federal Circuit.
 Jan. 11, 1993.
Rehearing Denied Feb. 8, 1993.
 
 N.D.Cal.
 AFFIRMED.
 Before RICH, CLEVENGER and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Bio-Rad appeals that part of an April 17, 1992 judgment of the U.S. District Court for the Northern District of California which held (1) claims 3, 4, 6, 10-13, 15 and 16 of U.S. Patent No. 4,704,366 invalid under 35 USC § 103, (2) claims 3, 4, 10-13 and 16 invalid under 35 USC § 112, and (3) claims 3, 4, 6, 10-13, 15 and 16 not infringed under 35 USC § 271. For the reasons set forth below, we affirm.
 
 DISCUSSION
 
 2
 Bio-Rad argues that the jury's special verdicts and the district court's judgment holding claims 3, 4, 6, 10-13, 15 and 16 invalid under 35 USC § 103 are fatally flawed as a result of faulty jury instructions regarding obviousness. We disagree.
 
 
 3
 Bio-Rad asserts that the district court erred in that it incompletely instructed the jury on several obviousness issues and refused to use several obviousness instructions suggested by Bio-Rad. For Bio-Rad to prevail with such arguments, Bio-Rad has the dual task of proving both that "the jury instructions read in their entirety were incorrect or incomplete as given" and that Bio-Rad's suggested instructions could have cured the errors, if any. Biodex Corp. v. Loredan Biomedical, Inc., 946 F.2d 850, 854, 20 USPQ2d 1252, 1255 (Fed.Cir.1991). Bio-Rad has failed to establish the foregoing.
 
 
 4
 Bio-Rad does not point to any specific portion of the district court's jury instructions which it believes incorrectly states the law. Instead, Bio-Rad focusses its arguments almost exclusively on the fact that the district court did not give all of the jury instructions that Bio-Rad requested. However, as in Biodex, the district court below was under no obligation to give the jury instructions requested by Bio-Rad, which were carefully couched in both language and form, so long as the instructions that the district court did provide to the jury were both legally correct and sufficient when read in their entirety. Id.
 
 
 5
 We have reviewed the district court's jury instructions, and we find them to be both legally correct and sufficiently comprehensive to address the factual issues for which there was disputed evidence of record regarding the obviousness of the claims at issue. Therefore, the additional instructions requested by Bio-Rad were unnecessary, and the district court's failure to present these instructions to the jury did not result in any prejudicial legal error entitling Bio-Rad to a new trial.
 
 
 6
 In view of the foregoing, which is dispositive of this appeal, we need not address the additional issues that Bio-Rad raises, including best mode and induced infringement.